**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **NO. 5: 08-MJ-07-01 (CWH)** |
| **VS.** | REMOVAL PROCEEDINGS<br>NO. 3:08-00095 — S. D. WEST VIRGINIA |
| **DAVID LEE EVANS,** | |
| Defendant | VIOLATION: Drug Related |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned, defendant DAVID LEE EVANS having opted to have this hearing in the district of his arrest. The defendant was represented by Ms. Catherine Michele Leek of the Federal Defenders Office; the United States was represented by Assistant U. S. Attorney Tamara Jarrett. Based upon the evidence proffered to the court by counsel for the parties and the contents of the Pretrial Services Report dated July 15, 2008, as well as argument and comments of counsel, I conclude that the following facts require the detention of the defendant pending the trial of this case.

### PART I - FINDINGS OF FACT

☒ **(1)** There is PROBABLE CAUSE to believe that the defendant has committed an offense

    ☒ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

    ☐ under 18 U.S.C. §924(c).

☒ **(2)** The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☒ **(1)** There is a serious risk that the defendant will not appear.

☒ **(2)** There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated July 15, 2008, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the future appearance of defendant Evans were he to be released from custody at this time. Defendant Evans has strong family ties to the Macon, Georgia area and is gainfully employed. However, he has no ties to the State of West Virginia. The offense charged against him is a serious one for which long-term imprisonment may be imposed in the event of a conviction after trial or a plea of guilty. The weight of evidence against him is strong with a drug sale having been witnessed by a law enforcement officer.

Defendant Evans has a history of criminal arrests and convictions going back to 2002. In February of 2003, he was convicted of BURGLARY in the Superior Court of Bibb County, Georgia, and sentenced as a first offender. His sentence of probation was revoked in full in October of 2003, based upon a new charge of BURGLARY in August of 2003. After his return to probation supervision, defendant Evans' probation was tolled in February of 2004 for absconding from supervision. Other petitions to revoke probation were later instituted for committing new offenses, failing to report to his probation office, and failing to pay court ordered monies.

In 2004, the defendant was convicted of POSSESSION OF COCAINE and POSSESSION OF MARIJUANA in the Superior Court of Bibb County, Georgia, and placed on five years probation. His probation in this case was tolled in February and April of 2007 for absconding from supervision. In June of 2008, his probation was revoked following his arrest on a charge of DRIVING UNDER THE INFLUENCE.

The defendant has a history of drug usage, having first experimented with marijuana at the age of thirteen. He is currently enrolled in a substance abuse treatment program with the Macon (Georgia) Probation Office, attending four days a week.

For the foregoing reasons, the undersigned finds independent of the presumption of 18 U.S.C. §3142(e) that defendant Evans would pose a serious risk of flight were he to be released from custody. Pretrial detention is thus mandated. IT IS SO ORDERED AND DIRECTED.

### PART III - DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 16th day of JULY, 2008.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE